Knight *v.* Loomis.

V. & P., 192; Long on Sales, 139; 15 Mass. 319; 3 Greenl. 30; 14 Maine, 364; 7 Greenl. 70; 3 Johns. Ch. 23, 400; 18 Maine, 418; 15 Maine, 332; 22 Maine, 511; 12 Pick. 307.

———

HENRY KNIGHT & *wife, versus* GEORGE LOOMIS, *Adm'r.*

Where an administrator, *de bonis non cum testamento annexo*, is appointed upon the death of an executor, who was also appointed by the will the trustee of a fund arising out of the estate of the testator, such administrator does not succeed to the rights or duties of trustee of such fund.

A testator, among other dispositions of his property, bequeathed to S. W. $1700, in trust, to be put out at interest, and to collect and pay over to the plaintiff the interest on said sum yearly; and required, that said S. W. should give a " special bond for the discharge of the trust." S. W. was also appointed executor of the will, and gave bond as executor, but gave no " special bond" as to the trust fund. He settled all the estate except the $1700, and during his lifetime he paid the interest of that sum annually, as required by the will. At his decease, the defendant was appointed administrator *de bonis non cum testamento annexo*, and gave the bond appropriate to that appointment, and charged himself with the $1700, in his probate account, as having been received of the estate of S. W. *Held,* that the defendant did not become *trustee* of the fund, that he had no right to invest the money at interest, and that the plaintiff could not recover of him the yearly interest provided for in the will.

ASSUMPSIT. Benoice Johnson, formerly the husband of the female plaintiff, by his last will, among other things, bequeathed to her the interest of seventeen hundred dollars during life; one hundred and two dollars to be paid on the 26th of August of each year, during her life. Samuel Weston, now deceased, was the executor. No other trustee was appointed. After said Weston's decease the defendant was appointed administrator *de bonis non*, with the will annexed, and accepted the trust and gave bond accordingly.

The other facts necessary for an understanding of the case, are stated in the opinion of the Court.

*J. S. Abbott,* for plaintiff.

*Leavitt,* for defendant.

TENNEY, J. — In the year 1831, Benoice Johnson made his last will and testament, and therein appointed Samuel Weston, Esq. his executor, " with the power to do and perform all the acts and duties, and be subject to all the liabilities, which the law imposes upon executors." By the second item, the testator was to have a decent christian burial, at the expense of his estate ; and by the third item, the debts which might exist against the estate, at the time of his death, were to be paid by the executor as soon as practicable after his decease. The fourth item is in the following words, — " I give and bequeath to Samuel Weston, the executor of this my last will and testament, the sum of seventeen hundred dollars, in trust always, and it shall be the duty of the said Weston, to let out upon interest, the said sum of seventeen hundred dollars upon good security, and it shall be his duty also to collect the interest on said sum, and to pay the same to my beloved wife Charlotte, yearly, for and during her natural life, and after the decease of said Charlotte, I order and direct, that the said sum of seventeen hundred dollars, together with any additional sum which arises from the interest on the same and which may remain unpaid, shall be divided into two equal parts; one part thereof I order my said executor to pay to the heirs of Sally Tuttle of said Cornville, and the other part thereof, I order my said executor to pay to the heirs of George Loomis of said Cornville, within one year after the decease of my said wife Charlotte ; and I direct that the said Weston shall give a special bond to the Judge of Probate for the faithful performance of his duties under this item."

In the item next following, the testator made a bequest to Benoice Tuttle of another sum in trust, to be disposed of in the same manner, and the interest to be paid yearly to the wife of the testator ; and a special bond was also ordered to

be given to the Judge of Probate for the faithful execution of the trust.    Other legacies were given in the will, and devises of real estate made.

The will was duly proved, approved and allowed on February 7, 1832.    Samuel Weston, the executor named, having given a bond as executor, and received letters testamentary with the will annexed, entered upon his duties as executor; and died before the complete administration of the estate. It does not appear from the case or from any probate records put into the case, whether he gave the special bond provided for in the fourth item of the will or not; or whether he accepted or declined the trust or not, as therein directed.

On Dec. 3, 1839, the defendant was appointed administrator *de bonis non*, with the will of Benoice Johnson annexed, and gave bond as such according to law.    On the settlement of an account of administration, in the probate office on the first Tuesday of March, 1848, a balance of $1569,53, was found in his hands, belonging to the estate.    This suit was commenced on April 17, 1848, after a demand of payment of the sum claimed in this action, by the said Charlotte and her husband, to whom she was married after the death of Johnson, against the defendant, as administrator *de bonis non*, for the recovery of one half the interest on the said sum of seventeen hundred dollars bequeathed in trust by the fourth item of the will, from August 26, 1843, to August 26, 1847.

Is the defendant liable to the plaintiff in his capacity of executor *de bonis non*, with the will annexed ?    That he holds in his hands, as administrator, the sum of $1569,53, is conclusively shown by the probate records, unless it has been wholly or partly absorbed since the settlement of the account, which does not appear.    The account from which it arose, has been passed upon, by the competent tribunal, from which no appeal was taken or claimed.

By the will, Samuel Weston was not only the executor charged with all the liabilities and duties appertaining to that office, but he was also a legatee in trust, with the peculiar duties prescribed in the will.    The whole of the personal estate

was in his hands as the executor; and he was responsible therefor, according to the law and the provisions of the will. So far as he paid debts and legacies as therein required, and was allowed in probate for the same, the estate was administered, and he was exonerated from liability. To the extent of the means in his hands, he was bound to pay debts and legacies in the order, which the law and the will prescribed. If any condition was required to be performed by a legatee, before he was entitled to the receipt of the legacy, the executor was not bound and was not at liberty to pay it, till the performance of the condition. If there were assets for the purpose, Benoice Tuttle, for example, was entitled to receive the legacy to him, on filing the bond required, to the satisfaction of the Judge of Probate, and not before. The rights and liability of Samuel Weston touching the legacy in trust to him, were in no respect different from those of Tuttle, under the legacy in trust to Tuttle, provided Weston accepted the trust. The language employed in one bequest is the same as in the other, *mutatis mutandis.* The legacy of seventeen hundred dollars appears to have been made to Samuel Weston, not in his official capacity; and his duties respecting it are not in any respect different from what they would be if he were not the executor, after his acceptance of the trust and the receipt of the legacy. That such was the intention of the testator is manifest, when it is considered, that the executor was to give a bond to do and perform whatever was required of him in that capacity; the estate was to be administered, and the legacy to Weston was to be in his hands from assets produced as any other legacy was to be paid; and when he received it and entered upon the trust he was to be under a special bond for the execution of the trust. In all the duties appertaining to this trust fund, provided in the will, they are be done by Samuel Weston; and where the bequest is made to Samuel Weston, " the executor of this my last will and testament," it is to be regarded as descriptive of the person, and not as a bequest to him as executor. When the trust should be fully executed, as it would be at the death of the *cestui que trust,*

if he faithfully performed all his duties as trustee, the fund, by the will, was then to be considered in the hands of the executor to be finally disposed of in the payment thereof, in satisfaction of particular legacies, as may be inferred from the use of the word executor, when speaking of this last duty.

But it was competent for Weston, if he chose so to do, to decline the acceptance of the legacy, and the trust under it, notwithstanding he might have entered upon his duties as executor. He could not be considered as having fully accepted the former, till he had given to the Judge of Probate, a bond satisfactory to him. And if he gave no bond as trustee, it was for the Judge to determine, whether or not he had declined the trust. *Groton* v. *Ruggles*, 17 Maine, 137. What would have been his liabilities, if he had neither accepted or declined the trust, in his capacity as executor, we are not called upon to decide.

If he did give the bond, and the legacy of seventeen hundred dollars, in trust, was accepted by him, so far the estate has been administered, and his bond as trustee, is the security of the rights of the *cestui que trust*. But if he gave no such bond and did not accept the trust, and was not considered by the Judge of Probate as declining it, and made no charge to the estate for the amount of this legacy, as passed to him as trustee, the administration was not completed, and that sum was in his hands as executor, if sufficient assets for the purpose were in his possession.

When the defendant was appointed and qualified as administrator *de bonis non*, with the will annexed, and undertook the trust, he could have no power over matters, which had passed from the executor as such, and was under no liability therefor. If he had assets of the estate in his hands as administrator, he is accountable to whomsoever they belong, in that character. By being administrator, he cannot become substituted for Samuel Weston, in his capacity as trustee, under the legacy in trust. To become such, he must accept the trust after it is tendered to him by authority competent to make it. He cannot be treated as a trustee, until he has receiv-

ed such appointment, and accepted it by giving the bond, which the law requires, and which was specially required of the one appointed by the will, under a particular direction therein.

This case differs essentially from a class of cases in Massachusetts, where executors were holden to perform duties as trustees under the will, which were specially required of them in their capacity as executors, and from the nature of those duties, they could not be performed by any others. They were under the testamentary provisions, administration duties, necessary to be done in settlement of the estate in probate; and hence it was held in one case, that if the executor appointed had declined the trust of executor, or had not completed the administration, the same powers and duties would devolve upon an administrator *de bonis non*, with the will annexed. *Saunderson* v. *Stearns, executor,* 6 Mass. 37; *Prescott* v. *Pitts & al.* 9 Mass. 376; *Hall* v. *Cushing & al.* 9 Pick. 395; *Dorr* v. *Wainwright,* 13 Pick. 328; *Towne* v. *Ammidown,* 20 Pick. 535.

If Weston had never accepted the trust under the legacy; and had not administered the estate so far as the legacy to him is concerned, and the assets now in the defendant's hands are subject to this legacy, it is not perceived that the defendant has any power to put out that sum upon interest. To require this of him without the bond provided in the will, would be the sanction of a proceeding, which the testator did not contemplate, and which he manifestly intended to prevent. The putting out the money upon interest, and the annual payment of the income to the *cestui que trust,* was made by the will a special duty to be performed after the administration was so far completed, that there was this fund to be appropriated in that manner. This duty was not made an administration duty. The defendant has not been appointed a trustee of this fund, nor has he assumed the trust by giving the bond, or by any act in disposing of the money received by him as was required in the will of the legatee in trust; neither does it

appear that he has derived in fact any benefit from the money in his hands. As administrator he had no power to let out upon interest any assets of the estate in his hands, upon such security as he, in his discretion, might suppose perfect. A loss of the assets so let out would not be the loss of the estate, but must fall upon him. Whatever sum is in his possession, under a settlement with the Judge of Probate, he holds as administrator and not otherwise. "The general rule has been, not to charge executors with interest, when their accounts are settled in ordinary course; and the reason is, they are not at liberty to risk the money belonging to the estate, they represent; and are to be always ready to pay it over according to the direction of the will, or the decree of the probate court. The rule admits of an exception, when it shall appear that the executor has actually made use of the money, which fact may be proved by direct testimony or from a long delay in settling his accounts, or in paying over balances in his hands, after they have been demanded." *Wyman* v. *Hubbard & al.* 13 Mass. 232; *Boynton* v. *Dyer*, 18 Pick. 1; *Storer* v. *Storer*, 9 Mass. 37; *Stearns* v. *Brown*, 1 Pick. 530.

By extracts from the probate records in the case, it appears that in February, 1840, the defendant filed his account in the probate office, in which he charged himself with the sum of $1700, out of which the money, that was subsequently in his hands, arose. On the first Tuesday of March, 1848, he settled another account with the Judge of Probate, in which he is charged with the sum of seventeen hundred dollars, and is allowed certain claims, leaving the balance, before mentioned, and the records introduced show that he was not then charged with interest, "there being no adjudication thereon."

If a trustee, duly appointed to take charge of the sum bequeathed to Samuel Weston, should call upon the defendant as administrator for the money now in his hands, and it should appear by the will and the condition of the affairs of the estate be subject to such a call, his duty would require the payment. Not being entitled to delay after a proper demand therefor, on account of its being let out upon interest, if such

should be the case, he would not be liable to interest, which he had not received. He cannot, upon the facts in the case, be held in this action.          *Judgment for the defendant.*