## THOMAS O'HEAR v. AMOS SKEELES.

Under the provisions of chap. 50, sec. 12, of the Revised Statutes, executors and administrators are placed upon the same ground with other suitors, as it respects their liability for costs, which may be adjudged against them.

Where a creditor of an estate appealed from a decision of commissioners allowing a balance against him in favor of the estate, and in the county court he recovered judgment in his favor for damages and costs, it was held, that execution for the costs was properly issued by the county court against the administrator personally, as for his own debt.

AUDITA QUERELA. The plaintiff alleged, that he was administrator upon the estate of his father; that the defendant presented before the commissioners a claim against the estate, and a claim was presented in offset thereto, and the commissioners allowed a balance in favor of the estate; that the defendant appealed to the county court, and such proceedings were therein had, that that court rendered judgment in favor of the defendant, upon his claim and the offset thereto, for damages and costs; and that for the amount so awarded for costs the defendant had taken execution directly against the plaintiff, as for his own debt, and was endeavoring to enforce collection thereof; and the plaintiff prayed, that the execution so issued might be vacated. To this complaint the defendant demurred; and the county court adjudged the complaint insufficient. Exceptions by plaintiff.

*L. E. Pelton,* for defendant, insisted, that by the Revised Statutes the legislature intended, that the allowance of costs against executors, or administrators, in all cases, should be left to the discretion of the court, before whom the case is tried; but that such costs as were allowed should be paid to the recovering party, without regard to the solvency, or insolvency, of the estate; and cited Rev. St., c. 50, § 12; c. 44, § 33; c. 49, §§ 18, 21; c. 48, § 19; c. 47, § 1; Slade's St. 345, § 59; Ib. 333, § 7; Ib. 353, §§ 93, 94; Ib. 345, § 61; Thomp. St. 63, § 6; 1 Wms. Saund. R. 335, 336; 2 Tidd's Pr. 979; 16 Mass. 530.

O'Hear *v.* Skeeles.

*H. R. Beardsley* for plaintiff.

Chap. 50, sec. 12, of the Rev. St. was only intended to vary the common law rule of issuing an execution for costs against the effects of the intestate in the administrator's hands, so far as to authorize the issuing of the execution against the administrator's own estate in cases, where by law an execution might issue at all; but no execution could issue for costs in the case stated in the complaint. It is not competent to sever the damages from the costs and issue execution alone for costs. By Rev. St., chap. 49, sec. 22, the final decision and judgment, in cases so appealed, shall be certified to the probate court. The costs, when allowed, are as much a part of the judgment, as the damages; and the costs and damages together make a debt against the estate, which is to be paid in whole, or in part, according as the administrator shall have assets. The cases, where execution may properly issue against the goods and chattels of the administrator for costs, are those where the judgment is alone for costs.

The opinion of the court was delivered by

KELLOGG, J. This was an *audita querela* to set aside and vacate an execution issued upon a judgment rendered by the county court. To the complaint there was a demurrer and joinder, and the county court adjudged the complaint insufficient, and rendered judgment for the defendant. The county court, in which the judgment was rendered, upon which the execution issued, awarded costs against the administrator. The *gravamen* of the complaint is the taking of execution against the proper goods and estate of the complainant, and attempting to collect the same. Chap. 50, sec. 12, of the Revised Statutes provides, "that when costs in any case are allowed against an executor, or administrator, execution shall not issue against the estate of the deceased in his hands, but shall be awarded against him, as for his own debt; and the amount paid by him shall be allowed in his administration account, unless it shall appear, that the *suit,* or proceeding, in which the cost shall be taxed, shall have been *prosecuted,* or *resisted,* without just cause." From this provision of the statute we think it obvious, that the legislature intended to vary the common law rule in relation to the liability of executors

and administrators for costs, which may accrue by reason of suits by them *prosecuted,* or *resisted;* and that instead of awarding execution against the estate of the deceased in their hands, the same should issue against them, for the costs that might be adjudged, as for their own proper debt. Such is the language and spirit of the statute.

But it is said, that this can only apply to those cases in which by law an execution can properly issue, and that it is not applicable to a case like the one set forth in the complaint. This objection is founded upon the supposition, that the costs and damages cannot be severed,—that inasmuch as the final decision and judgment is, by sec. 22 of chap. 49, required to be certified to the probate court, the costs, as well as the damages, must be certified to that court. If this objection be well founded, it would follow as a consequence, that executors and administrators might greatly embarrass creditors resisting their claims, not only before the commissioners, but in the county court, and thereby subject them to a heavy expenditure of cost in establishing their claims, and this without the administrator incurring any personal responsibility, and without affording an adequate remedy to claimants, in cases of insolvent estates.

We believe it was the intention of the legislature to place executors and administrators upon the same footing with other suitors, as it respects their liability for costs, which may be adjudged against them; and that in so doing they intended to afford security to the recovering party for costs awarded him, and, by authorizing the administrator to charge the same in his administration account, to subject the propriety of his conduct, in incurring the expenditure, to the decision of the probate court. This is calculated to impose a salutary restraint upon administrators, and to guard the estates of deceased persons against heedless expenses in unjustifiable litigation. Nor is there any thing unreasonable in this provision of the law. For if the administrator have not assets of the deceased in his hands, sufficient to indemnify him for the costs that may be awarded against him, he should procure such indemnity from those, for whose benefit he is prosecuting, or abstain from litigating doubtful claims. Nor do we perceive any insuperable difficulty in severing the costs from the damages. By awarding execution against the administrator for

the cost, we give full force and effect to the provisions of sec. 12 of chap. 50 of the Revised Statutes, and by certifying the decision and amount of the damages to the probate court, the requirements of sec. 22 of chap. 49 are complied with. By this construction the two sections referred to are made to harmonize.

The judgment of the county court is affirmed.