JOHN ADARENE, *Appellant v.* OWEN MARLOW'S ESTATE.

*Settlement of Estates. Probate Court.*

After the report of commissioners upon claims against an estate has been filed and accepted, and the probate court has caused to be entered thereon, "filed, accepted, and ordered to be recorded," such court may afterwards, before the report is actually recorded, reject the same for errors therein found, and send it back to the commissioners for correction; and this proceeding on the part of the court may be taken on its own motion, and without notice to any of the parties in interest; and even after more than twenty days from the filing of the first report; and twenty days from the filing of the corrected report will be allowed for taking appeals therefrom.

APPEAL from the report of commissioners on the intestate's estate, disallowing a portion of the plaintiff's claim. The facts sufficiently appear in the opinion of the court. The defendant moved in the county court to dismiss the appeal, for reasons apparent on the record.

The county court, at the September Term, 1860, KELLOGG, J., presiding, *pro forma* dismissed the appeal, to which the plaintiff excepted.

*D. Roberts*, for the plaintiff.

*Wm. G. Shaw*, for the defendant.

BARRETT, J. The report of the commissioners was accepted in the following words, endorsed upon it : " Filed, accepted, and ordered to be recorded this 31st day of May, 1860." Subsequently the following entry was made thereon : " On the re-examination of this report, it is rejected for errors therein found, and sent back to the commissioners for correction this 15th day of August, 1860." On the 25th day of August, 1860, at a probate court held, &c., said commissioners made a second report of their doings, &c., in which the claim of the appellant for one hundred and eighty-nine dollars and seventy cents is considered, and one hundred and sixty-four dollars and seventy cents thereof is disallowed, and twenty-five dollars is allowed ; which second report having been filed in court, &c., the same was accepted and approved, and ordered to be recorded. Within

Adarene *v.* Marlow's Estate.

twenty days from said 25th day of August this appeal was taken from the action of the commissioners in disallowing said portion of the appellant's claim.

The question is as to the power of the probate court over its order of May 31st, to affect it by its action of August 15th, as shown by the case as it is presented by the exceptions.

It seems that the probate court took its action on the 15th of August upon its own motion, and for the reason that, on re-examination, errors were discovered in the first report, such as called on the court to reject it and recommit it; thus annulling its order for the recording of said report.

It is to be inferred that, in point of fact, said report had not then been recorded; so that on the 15th day of August it was lying on file in the court under the action and order of May 31.

It is insisted that by that action and order the matter of said report became *res adjudicata* — a perfected judgment, and not lawfully to be opened or affected by any action of the probate court, except by formal proceedings instituted by some party in interest, and prosecuted in pursuance of due notice to those who might be affected thereby. We are not prepared to hold as is thus urged. If the report had in fact passed into a perfected record, it might have merited serious consideration whether the probate court could, without formal proceedings, thus instituted and prosecuted, have taken any action that would affect the record of the report as a matter adjudicated.

In *Hodges, Ex'r* v. *Thatcher et als.*, 23 Vt. 455, it is said that the decision of the commissioners does not become a record, *res adjudicata*, until made a record of the probate court:—that the decision of the commissioners is regarded as the adjudication; but it does not become such in contemplation of law, until returned, accepted by the probate court as the decision of the commissioners, *and recorded as such*.

It is undoubtedly true, that, if the first report had been in fact recorded on any day subsequent to its return and the order for recording the record and adjudication would be effective as of the day of the order. But as it had not been so recorded, we think the matter must be treated as lying in court under the order, and not as a consummated adjudication.

Adarene *v.* Marlow's Estate.

It is not questioned that, upon the return of the report and before the making of the order of acceptance and record, it would have been competent for the court to recommit it, in its discretion, on account of error or irregularity in the proceedings of the commissioners, appearing on the face of the report. So that, as before said, the question, which underlies all the other points made in the argument, is as to the power of the court, upon its own motion, and summarily, to annul the order of record, and to recommit the report, on account of errors apparent on its face. We think, upon principle and the analogy of cases in which other courts exercise a control over their orders not consummated by being perfected into definitive adjudications, that the probate court in this case had the power to annul its order of record, and to recommit the report, for the reason assigned by said court.

We can conceive of some inconvenience that might arise from such a course of action as was taken by the probate court in this case ; and that possibly questions of some technical nicety might spring therefrom as to appeals that had been taken from the original report on its being returned, accepted, and ordered to be recorded, as was done in this case. But at present we do not forecast any such practical difficulty in this respect, as to constitute a ground and reason for a decision, such as is claimed by the appellee in this case. On the other hand we can quite as easily conceive of difficulty and injustice to result from such a decision as from such an one as we now make.

In practice such a case as this, we apprehend, is not likely often to occur. This is the first that has come to the knowledge of this court ; and probably for the reason that, generally, such reports are not affected with vitiating errors, and when they are, the probate court examines them and detects the errors before ordering them to be accepted and recorded, and especially without holding them under such order, without examination, till after the time for appeal has transpired. We think there is no danger of the probate court in this state imitating the example of this case in either of its parts.

The judgment is reversed and the case remanded.