Brush *v.* Buker.

## RUBEN BRUSH *v.* CHARLES B. BUKER.

*Tax Law of* 1880 *construed. Listers must give Notice to Tax payer. Repugnancy in Statute. Listers.*

1. In making the lists under the tax law of 1880, it is incumbent on the listers *to give notice to the tax payer* in accordance with the statute of 1866, No. 14, which made it the duty of listers to notify every person whom they assessed for money on hand, debts due, stock in trade, &c., of the sum at which they were assessed, and of the time and place for hearing grievances; and one who *wilfully* refuses to make his inventory is entitled to such notice. The inventory is not a proper notice.

2. CONSTRUCTION OF STATUTES. The statute of 1880 repeals "all acts and parts of acts inconsistent with this act;" the statute of 1866 requires notice to be given; that of 1880 is silent as to giving notice. *Held,* that, as the statute of 1880 is not an independent plan of taxation, but part of a system already existing, there is no inconsistency or repugnancy; and that the earlier is not repealed by the later statute.

3. The tax law of 1880, No. 78; Act of 1866, No. 14 (R. L., s. 346), duty of listers in giving notice to tax payer, construed.

TRESPASS for taking a cow. Plea, general issue, with notice of special matter of justification, that the defendant, as collector

of taxes of the town of Cambridge, seized and sold the cow for taxes. Trial by jury, April Term, 1883, Lamoille County, POWERS, J., presiding.

It appeared that the defendant had in his possession a town tax against the plaintiff on the grand list of said town for the year 1881; that he seized and sold said cow by virtue of his warrant; that the plaintiff neglected and refused to make and return his inventory under the law; that thereupon the listers proceeded to appraise what property they could find belonging to him, as follows: one drug store, $300; one millinery store, $400; stock in trade, $1,390; one cow, $30; debts due, $80— making $2,200, which they doubled, and then added his poll. It also appeared that the listers did not give the plaintiff any notice whatever of the assessment, or of the time and place when and where they would hear him if he felt aggrieved by said assessment; and that the listers did not lodge with the town clerk of Cambridge a written notice, stating on what day and at what place they would meet to hear appeals, and that no such meeting was held. On the above facts the court *pro forma* directed a verdict for the defendant.

*Brigham & Waterman*, for the plaintiff.

The section of the statute allowing the appraised valuation to be doubled is penal; and penal statutes must be strictly construed. *Melody* v. *Reab*, 4 Mass. 473; *United States* v. *Morris*, 14 Pet. 464; *Cleaveland* v. *Norton*, 6 Cush. 383; *Monson* v. *Chester*, 22 Pick. 385; *Rutland Savings Bank* v. *Rutland*, 52 Vt. 463. The plaintiff was illegally assessed, because the listers wholly failed to comply with the requirements of the act of 1866, No. 14. They gave no notice to the plaintiff, as required by said statute, which was not repealed by the statute of 1880. *Dean* v. *Aiken*, 48 Vt. 541; *Clement* v. *Hale*, 47 Vt. 680. If the act of 1866, No. 14, was repealed by the statute of 1880, No. 78, then the last statute was unconstitutional, in not providing for any notice to the tax payer, by the listers, of the assessment or valuation of his taxable property; and would be

equivalent to taking his property without process of law. *San Mateo County* v. *Southern Pacific R. R. Co.,* 13 Fed. Rep. 722.

*P. K. Gleed,* for the defendant.

The prior statutes as to giving notice to the tax payer by the listers were repealed by the statute of 1880, No. 78. Section 27 of chapter 83, G. S., is inconsistent with the statute of 1880, and was therefore repealed. Prior to the change in 1880, the *listers hunted* for the property ; after the change, every tax payer was charged with the duty of doing his *own hunting.* Formerly, the person aggrieved, whether willful or not, could appeal to and be relieved by the selectmen ; but now there is no relief if the violation is willful. The plaintiff's neglect was clearly *willful ;* and hence he lost nothing by not appealing, as the selectmen could not relieve him. Act of 1880, s. 11. The intent of the legislature to make the action of the listers conclusive is shown by the language of sections 9 and 10, as follows : " and *complete* the list of such person ;" and " the amount obtained by doubling such sum *shall be the list.*" Section 15, whereby the listers must arrange in alphabetical order the personal lists of all tax payers, and lodge the same in the town clerk's office, would give a general notice.

The opinion of the court was delivered by

ROWELL, J. It has been said by this court at this term, in Walker *v.* Burlington, that the statute of 1880 was not an independent plan of taxation, but a part of a system already existing. Hence, it must be construed in connection with the other statutes on the same subject in force at the time of its passage.

The 19th section of said act repeals "all acts and parts of acts inconsistent with this act." It is contended that the St. of 1866, No. 14, was inconsistent with the act of 1880, and therefore repealed thereby. The act of 1866 made it the duty of listers to notify every person whom they assessed for money on hand, debts due or to become due, stock in trade, or manufac-

10

tures, of the sum at which they were assessed, and of the time and place for hearing grievances, and also to lodge with the town clerk a notice of the time and place of hearing appeals.

The language of this repealing clause is so general that it repeals nothing in terms; hence it must derive whatever repealing force it has from inconsistency and repugnancy. The purpose of the statute of 1880 was to provide more effective means for bringing to light taxable property; and it has well answered that purpose. But it is entirely silent on the subject of notice to the tax-payer, and this silence gives occasion for the contention that no notice is necessary under it in any case, much less in the case of oné who *wilfully* violates any of its provisions.

As to the tax-payer who makes his inventory, it is said that he needs no notice nor opportunity to be heard; and if not, it must be on the ground that he will have no occasion for complaint. But how can this be said, seeing that his inventory is not conclusive on the listers, but may be rejected by them for several statutory reasons, and that, too, under the act of 1880, without giving him notice of such rejection ?

We think it clear that the inventory is not an equivalent for the notice provided for by the St. of 1866 and an opportunity to be heard. In *San Mateo County* v. *Southern Pacific R. R. Co.*, 13 Fed. Rep. 722, Judge FIELD says, in his opinion at p. 750, that the presentation to the State board by the corporation of a statement of its property and its value, which it was required to furnish, was not equivalent to a notice of the assessment made and of an opportunity to be heard thereon; that it was a preliminary proceeding, and until the assessment was made the corporation could not tell whether it had good cause of complaint or not; that presentation of the statement could no more supersede the necessity of allowing a subsequent hearing of the corporation than the filing of a complaint in court could dispense with the right of the suitors to be there heard.

Thus far we see no inconsistency whatever between the two statutes, and hence, no ground for saying that the subsequent act repealed the prior.

But it is further contended that at all events the tax-payer who *wilfully* refuses to make his inventory is not entitled to notice nor an opportunity to be heard before either the listers or the selectmen. It is certain that the act of 1880 discriminates against such a tax-payer, but does it discriminate against him to the extent of depriving him of the right to be heard at all? We think not. Take the 11th section of the act. It plainly recognizes the right of appeal by such a tax-payer by providing that *if he does appeal* from the action of the listers to the selectmen, the latter shall have no power to grant him relief if it appears to them that he *wilfully* violated any of the provisions of the act. But how shall he appeal from the action of a tribunal before which he has no right to be heard? The right to appeal implies the right to be heard before the tribunal from whose judgment the appeal lies, and cannot be available without it. And if one is entitled to be heard, he is entitled to *some* notice of the time and place of hearing; he is not left to find out as best he can.

But it is said that this plaintiff has lost nothing by not having an opportunity to appeal, as he could have obtained no relief on appeal, having *wilfully* refused to make his inventory. But he has, at all events, lost the opportunity of being heard before the appellate tribunal on the question of whether he had thus wilfully refused or not. That tribunal might have decided in his favor, and granted him relief; but if it would not, he had the right to be heard before it nevertheless.

Nor are any of the other provisions of the act inconsistent with the idea of notice and a right to be heard. True, when a tax-payer is "doomed," the listers ascertain "as best they can" the amount of his taxable property, and one per cent of the sum obtained by doubling the appraised value thereof "shall be the list" of such person. But that this does not mean that the action of the listers shall be arbitrary, and without giving the notice provided for by existing law, is conclusively shown by the fact that the act allows an appeal from that very action, and, as already said, this implies a right to notice and to be heard.

The result is, we hold that there is no inconsistency between

the act of 1866 and the act of 1880; that the former was not repealed by the latter, and that the judgment below was erroneous.

This holding renders it unnecessary to consider the other question raised in the case.

Reversed and remanded.