BARNEY RILEY, APT., *v.* ESTATE OF PATRICK McINLEAR.

*Executor must present his private account to Commissioners. When chargeable with interest.*

1. An executor or administrator must present his personal claims against the estate which he represents to the commissioners on that estate or they will be barred like those of any other creditor. He cannot present them for allowance in his administration account, as suggested by Judge Isaac F. Redfield in his note to *French* v. *Windsor,* 24 Vt. 402.

2. An executor or administrator is chargeable with interest on the funds of the estate in his hands, although he receives none, when he unreasonably and unnecessarily detains them.

3. In this case the executor kept the funds of the estate, to the amount of over $700, idle for several years, although there were banks of deposit easily accessible in which he could have deposited it at the rate of four per cent. The commissioner charged him with this rate, which he might have received. *Held,* nothing appearing in the report to the contrary, that he should be so charged, the conclusion of the commissioner being binding on the court.

The plaintiff was executor of the estate of Patrick McInlear, and had certain personal claims against that estate. These claims he did not present to the commissioners, which were duly appointed by the Probate Court to adjust claims on the estate of the said McInlear, but did present them instead to the Probate Court on the final settlement of his executor's account. The Court refused to entertain them, but allowed the remainder of his account. From this decision of the Probate Court the plaintiff appealed to the County Court, by which a commissioner was appointed to examine the account of the plaintiff. The plaintiff now presented these same personal claims to the commissioner, who, against the objection of the appellees, received the evidence touching the same, and found that the same were valid claims against the said estate at the time of the death of the testate, and that the plaintiff did not present them to the commissioners because he understood that, he being executor, it was not necessary. Upon this report the County Court, Rutland County, September Term, 1886, Nicholson, Asst. J., presiding, disallowed

the plaintiff's personal claims, and allowed the plaintiff's account as it had been allowed by the Probate Court. Exceptions by the plaintiff.

*F. M. Butler*, for the plaintiff.

An administrator need not present his own claims against the estate to the commissioners, but may have them allowed on the settlement of his account. *French* v. *Windsor*, 24 Vt. 408; *Churchill* v. *Prescott*, 3 Bradf. 233; Sch. Ex. & Ad. s. 259; 3 N. E. L. R. 51 and note; *Adams* v. *Adams*, 21 Vt. 162; *Rix* v. *Smith*, 8 Vt. 365; *Wiley* v. *Thompson*, 9 Met. 329; *McLaughlin* v. *Newton*, 53 N. H. 531.

An executor who owes the estate may be charged for his debt by the Probate Court, and such a debt is assets in his hands. *Ridgeway* v. *Kerfoot*, 4 West. Rep. 903; *Lyon* v. *Osgood*, 3 N. E. R. 52; see note 58 Vt. 707; *Probate Court* v. *Merriam*, 8 Vt. 234; *Ipswich Mfg. Co.* v. *Story*, 5 Met. 313; *Winship* v. *Bass*, 12 Mass. 203.

If the administrator had presented his claim, the allowance of the commissioners would have determined nothing. Red. Wills, 240, 242, 247; *Adams* v. *Adams*, 22 Vt. 50; *Morse* v. *Sleason*, 13 Vt. 296; 9 Met. 329; Freeman Judg. s. 159; *Brown* v. *Sumner*, 31 Vt. 671; 9 Vt. 41; 11 R. I. 270; Sch. Ex. & Ad. s. 439, note.

*J. C. Baker*, for the defendant.

Under the English law an executor or administrator might retain from the funds in his hands the amount of his debt. Sch. Ex. & Ad. s. 439; Will. Ex. 1039 to 1050.

But in this State the settlement of estates is exclusively vested in the Probate Court, and its powers are entirely determined by the statute. By this it is provided that all claims shall be presented to commissioners or shall be barred. This applies to all claims, those in favor of administrators as well as others. R. L. ss. 2115, 2118, 2125; *Ewing* v. *Griswold*, 43 Vt. 400; *Soule* v. *Benton*, 14 Vt. 309; *Probate Court* v. *Gale*, 47 Vt. 473.

The opinion of the court was delivered by

Ross, J. The plaintiff is the executor of the will of the testate, Patrick McInlear. He held certain claims against the estate of which he is the executor. Commissioners were duly appointed, and in all things proceeded as required by the statute in the allowance of claims against the estate. The plaintiff did not present his claims against the estate to the commissioners for allowance, but after the commission was closed, instead presented them in his administration account to the Probate Court for allowance. The Probate Court settled his proper administration account acceptably, but refused to entertain or allow to him his private claims against the estate, because they had not been presented to nor allowed by the commissioners. The plaintiff appealed from this refusal of the Probate Court, and contends that it was optional with him whether to present his private claims to the commissioners for allowance, or to present them to the Probate Court, in his administration account, for allowance. So far as we are aware, this is the first time this precise question has been before this court for consideration. The plaintiff relies, to support this contention, mainly upon the note by Judge Isaac F. Redfield to *French et al.* v. *Windsor*, 24 Vt. 402, which reads: " It would seem that one who is administrator of an estate against which he has claims, may bring his claims against the estate on his private accounting in the Probate Court, or present them to commissioners at his election, since it has been decided in *Adams* v. *Adams*, 22 Vt. 50, that an allowance of such claims by commissioners is not in the nature of a valid judgment, the claimant also representing the estate. Probably the more convenient practice is to have such claims allowed by commissioners, and nothing more was intended to be decided here upon that point, than has already been decided in the case referred to." It is to be observed, that while the learned judge intimates that, in his opinion, the administrator has such an election as the legal result of the decision of *Adams* v. *Adams*, he is careful to remark that no decision of that kind has been

made. This is very evident from an examination of that case, and also the case to which the note is appended, both of which were cases in equity. In *Adams* v. *Adams, supra,* the bill, so far as it related to this question, charged that one of the defendants, who was heir and administrator, " in the absence of the other heirs " obtained a large allowance by the commissioners, " which was wholly fraudulent." The court found from the answer and proofs that the charge was true, and held that having been so obtained, while the administrator represented both himself and the estate, the allowance was not legally binding upon the estate and other heirs, and referred the matter with other matters to a master to ascertain the amount that should be allowed him, if anything, on those claims. The estate, of which the defendant, Hiram, had been administrator and to which he was also heir, had been closed, and the bill, brought by the other heirs, was to adjust this, and various other matters, wherein it was alleged that the defendant, as administrator, had defrauded them. The extreme length to which the decision goes is, that the heirs of an estate are not bound, in equity, by an allowance of claims by the commissioners in favor of an administrator against the estate, procured by fraud, without the knowledge of the other heirs, and, upon the ground that he was representing both himself and the estate in such secret allowance. In *French et al* v. *Windsor, supra,* the orators were administrators of an estate which was still in the process of settlement in the Probate Court, and fearing they might not obtain allowance in the settlement of their administration account for the payment of some claims against the estate made by them, they brought the bill to obtain aid in that respect from the Court of Chancery. The bill was demurred to. The most that is decided is, that from the facts in the bill, admitted by the demurrer, this court could not tell whether the orators had not a full remedy in the Probate Court, but for fear they might not have full relief, ordered the bill to be held until the proceedings in the Probate Court reached that point at which it could be determined whether they equitably needed the aid of the Court of Chancery. In the opinion it is said :

(17)

"The amount paid by the orator as administrator, which was really due from the estate, but not allowed by the commissioners, having never been presented before them, is the only part of the plaintiff's claim which seems to afford any great difficulty, even upon his own showing. But in regard to the payments made by the administrator, of debts not allowed by the commissioners, his right to ask allowance must, we should suppose, depend very much upon the state of facts in the particular case or cases."

"If the claim had been disallowed by the commissioners, there could be no question whatever that the administrator who should presume to pay it, could not charge it, at least if done after the right of appeal had lapsed. So, too, if the claim had become clearly and absolutely barred, by not being presented to the commissioners, so that there remained to the claimant no further right to petition the Probate Court to open the commission for allowing claims, if such a state of things ever exists, until after the final settlement and distribution of the estate, the administrator should not be allowed any discretion. And we do not intend to say, that the administrator can in any case be allowed to charge for payment of claims, not preferred ones, when not allowed by the commissioners." It is thus seen that the question under consideration was the allowance to an administrator of claims justly due from the intestate which had been paid by the administrator before they had become barred, but which when paid had not been presented to and allowed by the commissioners. It did not touch upon the allowance by the Probate Court to an administrator, in settlement of his administration account, of private claims due him from the intestate, which had never been presented to nor allowed by the commissioners. Hence neither of the cases relied upon authorize the qualified statement by the learned judge in the note appended to the last named case, that the administrator had an election to present his private claims against the estate to the Probate Court in the settlement of his administration account, for allowance, or to present them to the commissioners. No such question was considered, or decided in either case. Hence, for its solution, we

must turn to the provisions of the statute in regard to the allowance of such claims. It is to be observed that no provision of the statute can be found that makes any difference between the allowance of the claims of the administrator or executor against the estate on which he is administrator, and the allowance of the claims of any other creditor. By R. L. s. 2115, commissioners are required to be appointed " to receive, examine and adjust the claims and demands of all persons against the deceased," and by s. 2117 they are to try and decide upon the claims which survive by law against, or in favor of, executors or administrators except claims for the possession of, or title to, real estate. S. 2123 requires them to report their doings to the court, after the time limited for the presentation of claims, with a list of the claims and offsets presented, their allowances and disallowances; and s. 2124 requires them to give notice at the time of filing their report to claimants of disallowances above twenty dollars. S. 2125 declares that *all claims not presented to commissioners for allowance shall be forever barred* and shall not be plead in offset. There is a general provision allowing an appeal from allowances, or disallowances, and then special provisions allowing creditors, devisees, legatees or heirs, to appeal, if the executor or administrator declines to do so, and s. 2277 provides for and regulates an appeal by an executor or administrator, who has a claim against the estate he represents, which has been disallowed by the commissioners. By s. 2149, a disputed claim in favor of such executor and administrator may be referred by the court, on an agreement in writing signed by him and the heirs, and if the estate is insolvent, by the creditors.

The provisions of the statute include the claims in favor of an administrator or executor against the estate he represents, as fully as the claims of other creditors, and, in terms, require them to be presented to and allowed by commissioners, or they become barred, as much as do the claims of other creditors. Besides there are special provisions for an appeal by creditors and heirs when the administrator or executor declines, as he would be likely to, in the case of an allowance in his favor, and for an

appeal by him from a disallowance of his private claims. From these provisions creditors and heirs and others interested in the estate naturally look to the report of the commissioners for the claims against the estate and not to the settlement of the administrator's or executor's account. There is not a single provision of the statute that looks towards the settlement by the Probate Court of his private claims against the estate in the settlement of his administrator's account. Ss. 2094 to 2106 inclusive, which relate to such settlement, speak of it only as his account of administration, and specify what shall be charged against him. He has no right to pay any claims allowed by the commissioners, except at his peril, until ordered to do so by the Probate Court, and after that court has found funds in his hands by the settlement of his account, with which to make such payment. The notice required to be given only relates to the settlement of his account of administration. No creditor, heir, legatee, or devisee would obtain the least intimation from the notice required to be given by the statute, that his private claims against the estate were to be considered by the court. The provisions of the statute relating to the settlement of estates are full and furnish a complete system of themselves, and leave no room to invoke the aid of the common law. The Probate Court is of special and limited jurisdiction, and derives all its authority from the statute. *Hendrick* v. *Cleaveland*, 2 Vt. 329, 31 Vt. 673. It might be wiser, as is done by statute in New Hampshire, to leave the settlement of this class of claims to the Probate Court without the intervention of commissioners, but it has not been done by the statutes of this State.

The plaintiff's counsel contend that the statutes cannot receive construction according to their plain terms, and that it could not have been the legislative intent, that the executor or administrator should present his personal claims to the commissioners for allowance, because their allowance, approved by the Probate Court, would not be a valid and binding judgment, on the ground that the same person would practically be both plaintiff and defendant. But such judgment, we think, would be *inter partes.* An

executor or administrator does not present his own claim in his official capacity, but as an individual. Personally, not officially, he becomes plaintiff. The claim is against the estate, and that is the defendant. The executor or administrator is the general representative of the estate, and his duty is to act for it. Like any other agent, he cannot act in its behalf when his personal interest comes in antagonism with his official duty. There seems to be an oversight in legislation in not providing for some one to represent the estate in such a case, or for notice to other creditors, and the heirs, legatees, and devisees, of the presentation of such claims to commissioners. But this oversight does not destroy the mutuality of the judgment, nor render it invalid, certainly so far as it operates upon the rights of the executor or administrator. The extent of the decision in *Adams* v. *Adams, supra,* is that the other creditors, heirs or devisees may have relief from an allowance in favor of an executor or administrator, when he has taken advantage of the fact that no one represents the estate, fraudulently to procure the allowance of an unjust claim in his favor. But the estate may not be unrepresented in reference to the allowance of such claims by the commissioners. The provisions for appeal from the decision of commissioners by a creditor, devisee, legatee, or heir, when the executor or administrator declines to appeal, R. L. s. 2275, applies to the allowance in favor of an executor or administrator of his personal claim, as well as other allowances. This court said in the tax case of *Brush* v. *Baker,* 56 Vt. 147, that the right of appeal implies the right to be heard by the tribunal from whose judgment the appeal lies. Therefore an estate is not left by the statute without the right of representation by those interested in the estate before the commissioners and Probate Court against the personal claim of an executor or administrator. The decision of the commissioners does not, in contemplation of law, become an adjudication until their report has been returned to and accepted by the Probate Court. Until such record the Probate Court has judicial discretion to inquire into the genuineness, identity and regularity of the report, and may accept, reject, or

recommit it. *Hodges* v. *Thacher*, 23 Vt. 455 ; *Adarene* v. *Marlow's Estate*, 33 Vt. 558. Hence, if the report shows a personal claim allowed in favor of the executor or administrator, the Probate Court, of its own motion, could inquire if the estate was represented otherwise than by such executor or administrator in regard to its allowance, and, if necessary, recommit the report to give those who have the right of appeal an opportunity to be heard.

The plaintiff's counsel further urge that several provisions of the statute are so inconsistent with the above construction that it ought not to prevail. He calls our attention to the provision that in appeals from the decision of commissioners the County Court *may on motion* order the claimant to give security for costs to the executor or administrator of the estate against which the claim is presented, R. L. s. 2274, so that in case the executor or administrator was the claimant, he would, under the order, be giving security to himself. It is sufficient answer, if an executor or administrator should ever appeal from an allowance or disallowance, when the estate was not represented except by himself, that the provision is not a *requirement,* but a *discretionary power conferred,* which it would be absurd to exercise under such circumstances.

Another alleged inconsistency resting in the decisions of this court, upon the construction of the statute urged, is that in appeals from commissioners, the judgment of the Appellate Court is several ; for damages, which is certified to the Probate Court, and for costs against the executor or administrator personally. *O'Hear* v. *Skeeles,* 22 Vt. 152. So that in case where the executor or administrator should represent both himself and the estate, the judgment might be in his favor as an individual, and against him as the representative of the estate, or *vice versa.* Such judgments could be effectively adjusted in the Probate Court in settling the estate. By another provision of the statute, on an appeal by a creditor, devisee, legatee or heir from the allowance of a claim, the proceedings "shall be had in the name of the executor or administrator." R. L. s. 2275.

There may be other provisions which, considered alone, would tend to show that it was not the legislative intent that executors and administrators should present their personal claims to commissioners for allowance.

On the other hand, as clearly shown, there are explicit provisions to the contrary, and no intimation anywhere that an executor or administrator may go with his personal claim in the first instance to the Probate Court. We therefore think that the true view to be taken in regard to the claimed inconsistent provisions is that they were framed for ordinary appeals, and by oversight failed to be expressed so as to apply to the exceptional case where the executor or administrator is the claimant, and cannot properly be regarded as a modification of, or as constituting an exception to, those sections of the law which expressly say that *all* claims legally allowable shall be presented to the commissioners, or be barred.

Owing to the difference in the statutes the cases cited from other states have but little, if any application.

The executor charged himself in his administration account with the sum of $739.96 received from the sale of personal property, but did not charge himself with any interest, although he had held it in his hands since 1881, claiming that he had received none, and that he did not place the money so as to receive interest, as he thought he might be called upon at any time to settle the account and pay over the money. In regard to this the commissioner has found that the executor did not act with reasonable prudence, as there were banks of deposit easily accessible, where he could have received four per cent. and have withdrawn the deposit at pleasure with slight loss of interest if withdrawn at other than the regular times for the withdrawal of deposits; and has charged him with the interest he would have so received. The judgment of the County Court charged the executor with this allowance of interest by the commissioner. It is well settled in this State, that whether an executor or administrator is chargeable with interest on funds belonging to the estate in his hands, depends upon the particular

facts and circumstances of each case. *Slade* v. *Slade*, 10 Vt. 192. By this it is not meant that the well settled rules of law on the subject may be disregarded. Such rules are as authoritative here as elsewhere. But in applying such rules the facts and circumstances of each case are to be considered. The rule of liability for interest is concisely stated by Wilde, J., in *Stearns* v. *Brown*, 1 Pick. 531, where he says: " The general principle is that administrators are not chargable with interest for money remaining in their hands, unless they loan it and receive interest, or make some profitable use of it, or unreasonably detain it." This rule prevails quite extensively, and is just. *Knight* v. *Savine*, 30 Me. 204 ; *Griswold* v. *Chandler*, 5 N. H. 497. Other cases might be cited. When it appears that an administrator keeps money dead in his hands without any apparent reason or necessity, then it becomes negligence, and a breach of trust, and the court will charge him with interest. Williams on Executors, vol. 3, 6th Am. Ed., p. 1948, and cases cited.

In the case at bar the commissioner has not reported the facts and circumstances of this administration. He reports but little except his conclusion. It appears that the money had been in the hands of the defendant several years, and he reports that there were banks of deposit accessible where he could have received interest. We do not understand that he bases his conclusion on the latter fact alone. The general rule, already stated, and the decision in *Slade* v. *Slade* would warrant, if the facts were sufficient, the conclusion which the commissioner has reached. Nothing appears in the record to rebut the existence of such facts, and their appearance before the commissioner, nor is there an exception to this finding by the commissioner. Therefore this court cannot presume that legal error has entered into this finding by the commissioner, much more into the judgment of the County Court thereon.

*The judgment of the County Court is affirmed, and ordered to be certified to the Probate Court.*

Judge Taft does not concur in the results reached on the first point.

TAFT, J., dissenting. I do not agree with my brethren in the disposition of this case. Chapter 103 R. L. establishes a Probate Court and section 2018 gives it full and exclusive jurisdiction in the settlement of estates. Chapter 108 provides that the court shall appoint commissioners to adjust claims against an estate. There must be an administrator to administer the estate; he represents it in all suits and upon all occasions, he stands in place of the estate and is nominally and practically the party. Section 2125 provides that a person having a claim against a decedent, proper to be allowed by the commissioners, who does not, after publication of the required notice, exhibit his claim, shall be barred, from recovering it, or pleading the same in offset. Is the personal claim of an administrator within this section? Is it a proper one to be presented to, and allowed by, the commissioners? No valid binding judgment can be rendered by the court upon the report of the commissioners upon such a claim. It logically follows that if the report cannot serve as the basis of a binding judgment, the claim need not be presented. It not being a claim proper to be allowed, it is not within the statute. I can come to no other conclusion. The necessary result of the holding of the court is, that a party may sue himself, for should a creditor or other interested party appeal from the allowance of such a claim by the commissioners, the proceedings must be in the name of the administrator against himself, R. L. s. 2275. He must give security to himself, s. 2274, and can obtain judgment and an execution in his own favor against himself. *O'Hear* v. *Skeels*, 22 Vt. 152.

If there were no statute provisions for the allowance of claims by commissioners, does any one doubt but that the Probate Court under the full. and exclusive jurisdiction given it to settle estates would have ample power to adjust any claim against the estate? And no particular provision being made for the settlement of such claims, they not being "proper to be allowed," I think the adjustment of such a claim is within the

power of the court, and in so. doing there is no invoking the aid
of the common law, as intimated by the court.   It may be true·
that this question has never been decided by this court ; in the
first century and more, of its existence, no counsel have been found
bold enough to raise the question, and this fact is quite signifi-
cant.    A long course of practice, under a statute, is of great
force in giving construction to it.    A person is often appointed
administrator because heavily interested as a creditor of the·
estate ; and it has been the constant practice of the Probate
Courts, sanctioned by long usage, to adjust such claims upon·
the settlement of the administrator's account, notice of the per-
sonal claim of the administrator being included in the usual
notice required by the statute ; and although the judges of the Pro-·
bate Courts are sometimes laymen, they often evince an intuitive
knowledge of the law, and invariably sound common sense.   The
views herein expressed were those of that learned jurist, Redfield,
Ch. J., *French* v. *Winsor*, 24 Vt. 408, *note*, and they have the·
authority of the State itself in the publication of the head
notes to the case and its digest ;   Roberts' Dig. 323, s. 78 ;
and such was the view of one of great experience in the admin-
istration of the probate law in this State, Walker, J., as ex-
pressed in consultation upon the first hearing of this case, but
who resigned before the final one.  As well might one insist that·
a judge can try his own case as that an administrator can defend
in a suit in which he is plaintiff.    There is practically but one·
party to such a suit.   .I do not think an administrator should be
made chargeable with interest, unless he receives interest on the·
fund, uses the fund himself, or is guilty of negligence in respect
to it.    In this case the commissioner reports that the executor·
did not act with reasonable prudence, as there were banks of de-
posit easily accessible where he could have received four per
cent. interest.    I think it fair to say upon the report that the
executor received no interest, did not use the money, but kept it,.
as he thought he might be called upon at any time to settle the
account and pay over the money.   Whether, negligence could be
based upon his neglect to deposit the money in some interest·

paying bank, depends upon whether it was his duty to so deposit it ; I do not think it was and therefore negligence cannot be predicated upon such neglect. I think more danger will arise from permitting an administrator to invest funds, than can be compensated by any interest from investments. An administrator is under no duty to invest funds ; he should not do it; his business is to settle the estate and pay it over to the rightful parties, not speculate with it by way of investment. I think the disposition of this case is not within the rule which the court says is the just one, cited from *Stearns* v. *Brown,* 1 Pick. 531 : "The general principle is that administrators are not chargeable with interest for money remaining in their hands, unless they loan it and receive interest, or make some profitable use of it, or unreasonably detain it;" for it does not appear that the executor loaned the money, received any interest upon it, made any use of it, nor unreasonably detained it; the latter phrase meaning, detaining it from the parties entitled to it after it was his duty to pay it to them.

I would reverse the judgment.