ISAAC B. YATES v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

October 27, 1911.

Nos. 17,316—(26).

**Cattle guards — ice and snow.**

Whether a railway company must, in the exercise of reasonable care, keep its cattle guards clear of ice and snow, depends on the location and elevation of the tracks, the character of the weather, the prevalence of storms, the use of the adjacent crossings or vicinity for the passage of animals, and all facts and circumstances relevant to the matter. Blais v. Minneapolis & St. Louis Ry. Co. 34 Minn. 57, and Stacey v. Winona & St. Peter R. Co. 42 Minn. 158, distinguished.

**Evidence.**

The evidence was not conclusive that the guards in question were located within the platted portion of a municipality, or that the plaintiff was guilty of contributory negligence.

[1]Reported in 132 N. W. 994.

Action in the district court for Watonwan county to recover $600 damages for cattle negligently killed by defendant's train. The complaint alleged that the cattle entered defendant's right of way in consequence of the negligent failure of defendant to keep the cattle guards at the crossing immediately west of the village of Madelia in repair, and in condition to prevent animals from entering upon the right of way and railroad track at that point; that it was defendant's duty to keep said cattle guards in repair and in condition to prevent animals from entering upon the right of way; that the crossing in question, by reason of the wagon roads crossing the track, the heavy travel on the roads, the frequent use of the roads and crossing at all times of the year by cattle and other animals, the proximity to the village and the short distance from the station at Madelia, and the construction of the grade upon which the railroad tracks were maintained, was, at the time mentioned, an exceptional and extraordinary crossing. The answer alleged that the death or injury to the animals was caused by plaintiff's negligence, and was not caused by defendant's negligence. The reply was a general denial. The case was tried before Pfau, J., who, at the close of the trial, denied motions to direct a verdict for defendant and plaintiff, respectively, and refused defendant's request to submit this question to the jury: "In what respect was the crossing herein involved exceptional and extraordinary?" The jury returned a verdict in favor of plaintiff for $445, the parties having agreed that in case plaintiff was entitled to recover, he was entitled to recover that amount. From an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Richard L. Kennedy,* for appellant.

*J. E. Haycraft,* for respondent.

LEWIS, J.

Action to recover damages for the killing of plaintiff's cattle on defendant's railroad track at the crossing of a highway in the village of Madelia. Negligence was charged in failing to keep the cattle guards at that point in good condition, so as to prevent stock from passing over them. Plaintiff recovered a verdict.

115 M.—32.

The law in force at the time of the accident was chapter 333, p. 456, Laws 1907, which provided that every railway company should build and maintain, on each side of its lines of road, good and substantial fences, except in the platted part of any municipality. It does not conclusively appear from the evidence that the cattle guard in question was located within the platted part of the village. The witness who testified on this subject made it clear that the platted portion did not extend on the north side of Buck street west of the section line, which was the center of Wood street; but he was very indefinite as to what was platted south of the railroad, or Buck street, and west of Wood street. This makes it unnecessary to consider whether the company was required to maintain good and sufficient cattle guards, irrespective of the requirement to maintain fences.

This leads to the important question of the case, and that is whether the company was under obligation to maintain the cattle guards free from snow and ice. There was evidence sufficient to show that Buck street was a main traveled thoroughfare leading into the village of Madelia, and that stock was frequently driven over that crossing at all times of the year. The accident occurred on January 23, 1910. The cattle guard was of the usual type, consisting of three-sided strips of wood, about ten feet long and four or five inches wide, laid parallel with the rails. The track at this point was at an elevation of seven or eight feet above the grade of the adjoining right of way. Fences had been erected on the right of way and were connected with the cattle guard. Although there had been a snowstorm a few days previous to the date of the accident, the snow was not of such a depth as to indicate any difficulty in clearing the guards. More than half of the fence posts were above the snow, and the elevation of the track was such that it would require an unusual amount of snow to block them to such an extent that they could not be readily cleared.

Appellant submits that this case is controlled by Blais v. Minneapolis & St. Louis Ry. Co. 34 Minn. 57, 24 N. W. 558, 57 Am. Rep. 36, and Stacey v. Winona & St. Peter R. Co. 42 Minn. 158, 43 N. W. 905. The facts disclosed in those cases were entirely different,

as will be seen by an examination of them. It was there said that railroads could not be expected to keep cattle guards clear of snow and ice during periods when all the country roads were blocked, and that on those occasions it was with difficulty that the company could keep its tracks open sufficiently to permit of the running of its trains.

Railway companies are not required to keep cattle guards free from snow and ice under all conditions. It depends on the circumstances of each particular case. The location of the road, the position and condition of the guards, the number of animals which might reasonably be apprehended to be at large, the prevailing storms, the nature and character of the weather, and all the other facts bearing upon the question are to be taken into consideration in determining whether a railway company has been negligent in not keeping its cattle guards free from snow and ice. Wait v. Bennington, 61 Vt. 263, 17 Atl. 284. According to the evidence in this case, the guard had been cleaned within a week prior to the time of the accident, and it does not appear that it could not, in the exercise of reasonable care, have been cleared and put in good condition, so as to turn stock. The case was properly submitted to the jury.

The question of plaintiff's negligence in attempting to drive his stock across the track at the time was properly submitted to the judgment of the jury.

Appellant requested the court to submit to the jury a special question, and define in what respect this particular crossing was exceptional and extraordinary. The whole subject was sufficiently covered in the charge, and we find no abuse of discretion in the refusal to submit the request.

The other assignments do not require special notice.

Affirmed.