MRS. JOSIE HILL, RESPONDENT, v. NAFZIGER BAKING CO. ET AL., APPELLANTS.—57 S. W. (2d) 773.

Kansas City Court of Appeals. March 6, 1933.

*B. W. Boley* for respondent.

*P. E. Reeder, David R. Derge* and *Winger, Reeder, Barker, Gumbiner & Hazard* for appellants.

CAMPBELL, C.—This is a proceeding based upon the Workmen's Compensation Act. The facts are: Earl Brewer and Josie Brewer were husband and wife and the parents of Bernice Brewer and Geraldine Brewer, both of whom are infants. The marriage of Earl Brewer and Josie Brewer was dissolved by decree of the Circuit Court of Jackson County in 1920. The custody of said children was awarded to their mother and the father adjudged to pay $55 a month for their support. This allowance was later reduced to $40 a month. Earl Brewer made payments thereon but the amount is left in doubt. In 1923 Josie Brewer and Merle Cross were married to each other. Thereafter, Merle Cross, his wife and the said children lived together in a home owned by Josie Cross until the death of Merle Cross, which occurred February 10, 1927. The death of Merle Cross resulted from an industrial accident and the right of his widow to an award of compensation was not questioned. In fact, the Workmen's Compensation Commission made an award in her favor in the sum of $20 per week for 365.1 weeks. The award was paid weekly, to and including payments in the month of July, 1930. On October 10, 1928, Josie Cross and C. D. Hill were married to each other and thereafter continued to live together, the children living with them. This latter marriage was not revealed to the defendants until July, 1930, at which time payment of compensation, under the aforesaid award, was discontinued. Thereupon Josie Hill, as natural guardian of said infant children, instituted this proceeding seeking to have said children awarded the unpaid portion of the benefit which had theretofore been awarded to her.

The claim was heard before a member of the commission and compensation denied. Upon review by the full commission a majority of its members found that the claimants were "actually dependent for support in part upon Merle Cross' wages at the time of the injury."

The commission further found that decedent had not adopted either of the claimants and that "when Josie Brewer married Merle Cross they all lived together out of a common fund which received its funds from the wages of Merle Cross and Josie Cross. Merle contributing $35 per week and Josie $15 or a total of $50, seventy per cent of which was contributed by Merle Cross, the deceased. Therefore, the evidence shows that Merle Cross had supported these children in part and that he contributed and was contributing from his wages at the time of his injury, seventy per cent of the common fund from which the claimants derived their support and it is our opinion that the claimants are dependents to the extent of seventy per cent of his wages."

Plaintiffs concede that Merle Cross was not legally liable for their support merely because he was their stepfather but contended that upon marriage of Merle Cross and their mother he, thereafter, "assumed the position *loco parentis*" to them and was, therefore, under the legal duty to support them. We do not find evidence tending to show that Merle Cross assumed the position *loco parentis* ·to the claimants nor did the commission find that he did assume such position.

The finding of the commission that claimants were dependents *in part* upon the wages of Merle Cross will not support a holding that decedent had assumed the obligations of a father. This for the reason that a father is under the legal duty to support his infant child and this duty would not be fulfilled by furnishing support "in part." The Act designates the class who are dependents but it does not define the term dependency. In the absence of legislative definition of the term, courts will hold it means legal dependency for the reason that courts will enforce legal obligations but will not enforce mere moral duties.

In the case of Good v. Towns, 56 Vt. 146, 148, the court in construing the phrase "in any manner dependent," said:

"It is true, as contended, that the language of the statute is broad, 'in any manner dependent;' but after all we think it should be construed to mean a legal dependency only, the same as though it read, 'in any manner legally dependent.' If it is given greater scope than this, there would be great difficulty in administering it. There would seem to be no stopping-place short of including all possible cases of actual dependency, whatever the relation of the parties, and notwithstanding the absence of even a moral obligation to support; and yet no one we presume would contend for so latitudinarian a construction of the statute. Shall we then stop at the utmost limit of moral obligations? But the law cannot determine what a moral obligation is, and takes no cognizance of them. Again, by what rule shall damages be assessed in cases where as here no legal right has been lost?"

In the case of Kennedy v. Keller et al., 37 S. W. (2d) 452, the facts there considered were in legal effect the same as in the instant case. Said the court:

"The plaintiffs here were obviously totally dependent. They had no means of their own, and were utterly without earning capacity. That such dependency was actual—that is, real—there could hardly be the suggestion of a doubt. Upon whom then were they dependent? Being infants of tender years, they would ordinarily be presumed to be dependent upon their father, upon whom the law imposes the primary duty to support them. Their custody, however, had been awarded to their mother by the divorce decree, and they were receiving their support from their stepfather, but the duty

to support them was not imposed upon their mother by the decree, but, on the contrary, was imposed thereby upon their father, so that he was bound to support them as a primary duty, not only by virtue of the law, but by virtue of the decree of the court as well. There can be no question that the support which they received from their stepfather was such as their father was legally bound to provide as a primary duty. If, after having been abandoned by their father, they had been supported by some charitably inclined stranger or neighbor, or by some charitable institution, or by the State, would the courts hold that they were therefore not dependent upon their father for their support, and not entitled, upon his death, to the death benefit provided by the statute? We cannot bring ourselves to believe that the Legislature so intended. Yet this is precisely what the defendants' construction of the statute leads to. Manifestly plaintiffs were, under the conceded facts, totally dependent for their support upon their father at the time of his death, within the meaning of the statute, and entitled to compensation on that basis.''

The holding in the Kennedy case is based upon the principle that one may not claim to be a dependent within the meaning of the law for support upon the wages of another unless the latter is legally liable to furnish such support. This principle is applicable here and we could not sustain the plaintiff's claim without bringing ourselves into conflict with the Kennedy case which we decline to do. We do not decide the question as to whether or not a partial dependent is within the class named in sub-division 1, paragraph (d), section 3319, Revised Statutes of Missouri 1929, for the reason that that question is not presented.

The judgment is reversed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed. All concur.