# REPORTS.

## CHITTENDEN COUNTY.

### January Term, 1835.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
  "  "  SAMUEL S. PHELPS,
  "  "  JACOB COLLAMER, } *Assistant Justices.*
  "  "  JOHN MATTOCKS,

AMOS BLODGET *vs.* ABRAM BRINSMAID, Administrator of JOHN CHITTENDEN, COLLARD. <span style="float:right">January, 1835.</span>

The mere representation of insolvency, without the appointment of commissioners on an estate,.does not prevent creditors from sustaining actions against the administrator.

Showing the administrator has, as such, recovered final judgment for land, is *prima facie* evidence of assets.

Showing the intestate had given a quit-claim deed, which might cover the same land, does not rebut this evidence of assets, or account for the same.

This was an action of covenant broken, wherein the plaintiff declares, that in April, 1827, Collard executed a deed to the plaintiff of certain land in Burlington, and therein covenanted that he was well seized of the same in fee, whereas he was not seized thereof in fee, and that the same was then owned and possessed by one Proctor. To this the defendant pleaded, first, that said Collard was seized in fee of said land; on which issue was taken. Secondly, the defendant pleaded that he had fully administered, and that no money, goods, credits, lands or tenements of said Collard had ever come into the defendant's possession as administrator. To this the plaintiff replied, that goods, lands and tenements of said Collard had come to the defendant, as administrator,

2

CHITTENDEN,
January,
1835.

Blodget
vs.
Brinsmaid.

of great value; on which issue was taken.   Thirdly, the defendant pleaded he had represented the estate of said Collard as insolvent; to which there was demurrer.   On the trial of said issues, the plaintiff showed the deed and covenant of said Collard, declared on, and the breach thereof.   On the issue of no assets, the plaintiff proved in evidence a final recovery in ejectment, in favor of said Brinsmaid, as administrator of said Collard, of certain land in Burlington, in December, 1834.   The defendant adduced in evidence a quit-claim deed from said Collard to said Brinsmaid, dated Nov. 2, 1827, of all said Collard's right to lands in said Burlington and certain other towns, which deed was recorded the day of the trial of this cause.   The court decided, that said recovery in ejectment, by the defendant, as administrator of said Collard, was *prima facie* evidence of assets in the hands of the administrator, and that it was not a proper accounting for the same by showing a prior deed to the defendant; and rendered a judgment for the plaintiff;—to which the defendant filed exception, and the cause passed to this court for revision.

*H. Leavensworth for defendant.*—1. The defendant in this cause contends, that he cannot be made liable for the breach of the covenant of seizin, made by said Collard, the intestate.

2. That the recovery of property by the defendant, as administrator, is not *prima facie* evidence of assets in his hands.

3. That it was a proper accounting for said property thus recovered, to show a prior deed from the intestate to the defendant.

4. This action cannot be maintained, because the estate of said Collard was represented insolvent.

4 Mass. Rep. 620, *Hunt* vs. *Whitney*.   12 do. 570, *Coleman* vs. *Hall*.   15 do. 264, *Paine* vs. *Nichols*.

*C. Adams for plaintiff.*—1. The recovery by Brinsmaid, as administrator of Collard, was evidence of assets in his hands.

2. The defendant is estopped by the judgment from showing any title out of Collard.   The deed was not offered to show any disposition of the assets, but to show that there were none, and for this purpose it was inadmissible.

3. From these circumstances, it must be presumed, either that the deed was never delivered, and Brinsmaid found it among Collard's papers; or, as it was never recorded, that Brinsmaid held it for some special purpose, which has long since been accomplished.

4. In order properly to account for these assets, the defendant

must show some legal disposition, since the recovery in ejectment, which is not pretended.

CHITTENDEN,
January,
1835.

Blodget
vs.
Brinsmaid.

The opinion of the court was delivered by

COLLAMER, J.—The first question in this case, to be disposed of, arises on the demurrer to the plea, that the estate was represented insolvent. When an estate is represented insolvent, and commissioners are appointed to examine and adjust the claims, the statute has provided this new tribunal for the creditors; and therefore the courts of ordinary jurisdiction are superceded in relation to such claims. Most obviously, if no such tribunal is created, the creditors must be left to their ordinary course in the courts of common law, or they are without redress. It is urged, there may not have been time for the appointment of commissioners. This is no answer, as it requires, comparatively, little time, and might have been done even after suit, and been so pleaded; or want of time should have been pleaded as an excuse.

In this State, administration is granted of both the personal and real estate, and they are both assets. Most obviously, the recovery of a final judgment in ejectment, by an administrator, is at least *prima facie* evidence of assets.—The only remaining question relates to the effect of the deed from Collard to Brinsmaid, in 1827. It is to be recollected, it was a *quit-claim* deed of all Burlington, in 1827. In 1834, Brinsmaid, *as administrator of Collard*, claims and recovers land in Burlington. In the absence of other proof, it would not be presumed, Brinsmaid would, as administrator of Collard, claim land which he owned himself. The presumption would be, that Collard, after 1827, purchased the land, which his administrator recovered in 1834, and that the deed of 1827, being a *quit-claim* deed, Collard's subsequent purchase did not inure to the benefit of his former grantee. Had the defendant gone further, and showed this recovery for Collard was on a title prior to 1827, and that Brinsmaid had sued, as administrator of Collard, because of an adverse possession in a third person, in 1827 and onward, which prevented Brinsmaid from claiming on his own deed, it might have tended to show the land the property of Brinsmaid, and explained the recovery being in the name of Collard, or his administrator. But had even this been proved, it might still have been doubtful. The statute of 1807 declares the deed, when there is an adverse possession in a third person, void, but saves the covenants. Now if there be a warranty-deed, a subsequent purchase or recovery by the grantor inures to the grantee, by the legal effect of the warran-

CHITTENDEN,
January,
1835.

Blodget
vs.
Brinsmaid.

ty, to avoid circuity of action. But if there be no warranty, perhaps the deed is in such case wholly void. In this case, however, the defendant put in no proof that the recovery was on a title in Collard before 1827, and so included in the deed to Brinsmaid; nor was that a deed with warranty, so that a subsequent purchase or recovery, by Collard, would inure to Brinsmaid. The land, therefore, recovered by the administrator, in 1834, remained assets in his hands.

Judgment affirmed.