NATHANIEL SUTTON *v.* WILLIAM M. SUTTON.

[IN CHANCERY.]

Where one, who was a creditor of an estate, took appeals from decisions of the commissioners allowing claims against the estate in favor of the administrator and others, and prosecuted the appeals to final judgment in the name of the estate, and the decisions of the commissioners in the several cases were reversed, and the claims disallowed, and costs awarded to the appellant, who had paid all the expenses of prosecuting the appeals, it was held, that the administrator was not entitled to receive the costs so awarded; and the administrator having

received the costs and executed releases therefor, it was held, that the court of chancery would compel him to pay the amount to the creditor, who thus took and prosecuted the appeals.

The decision of the county court, where the appeals were heard, and determined in favor of the appellant, in allowing and taxing cost in favor of the appellant, being acquiesced in by the parties, is conclusive evidence, that the appellant had such an interest in the estate, as entitled him to take the appeals.

Appeal from the court of chancery. The facts are sufficiently stated in the opinion delivered by the court. The orator's bill was dismissed by the court of chancery, with costs ; from which decree the orator appealed.

*C. D. Kasson* for orator.

*A. Peck* for defendant.

The opinion of the court was delivered by

Kellogg, J. This was a bill in chancery brought to recover the amount of certain bills of cost, which the orator alleges were incurred in opposing certain claims of the defendant and others against the estate of James Sutton, of which estate the defendant was administrator. The bill alleges the taking of appeals from the report of the commissioners allowing the claims, and the successful prosecution of the appeals, which resulted in the disallowance of the claims and the recovery of judgments against the claimants for costs,—that the appeals were prosecuted by the orator and the necessary expenses attending their prosecution were paid by him,—and that the defendant afterwards received the costs and gave discharges for the same to the several claimants ; and the bill concludes with a prayer, that the defendant may be decreed to pay the costs to the orator. The defendant in his answer admits, that the appeals were taken and prosecuted by the orator, and that the claims were disallowed in the appellate court, and judgments rendered for costs to the appellant, or the estate of James Sutton, in whose name, or behalf, the claims were resisted by the orator, and that the defendant received the costs, knowing and admitting that the same were incurred by the orator. The case was set down for hearing, in the court of chancery, upon bill and answer ; and, upon the hearing,

the chancellor dismissed the bill. It is now insisted by the defendant, that the orator has no equity, and consequently is not entitled to relief.

The answer of the defendant, not being traversed, must be taken as satisfactory evidence of the facts therein stated. If, then, it shall be found, upon examination of the answer, that the orator, at the time of the taking and prosecution of the appeals, had no interest in the estate of James Sutton, and consequently no right to take the appeals and contest the claims, it must be conceded, that, in so doing, he was acting in his own wrong and would have no equitable claim for the costs and expenditures thus incurred. It appears by the answer, that shortly previous to the death of James Sutton, who was the father of the orator, the deceased paid to the orator, by way of advancement, the sum of $1400, which was more than his equal share of the estate, and took the orator's receipt for the same in full satisfaction of his share of the estate. This fact being conceded, as we think it must be, it is apparent, that the orator was not entitled to a distributive share of the estate, and consequently was not interested as an heir at law to the same. As *heir at law*, then, he had no interest or right to contest the claims against the estate.

If, however, he were then a *creditor* of the estate, that relation gave him the right to litigate the claims; and this leads to the inquiry, whether the orator was a creditor of the deceased. The defendant, in his answer, alleges, that a short time previous to the death of James Sutton, he, the said James, about the 17th of April, 1833, paid and advanced to the orator fourteen hundred dollars in full satisfaction of all demands and as an advancement in full of the share of the orator in the estate of the said James Sutton, and that said advancement was paid in part by the said James' promissory note for $1000, and the residue was paid in money and personal property; that the orator, upon that occasion, executed to the said James a receipt, acknowledging the receipt of $1400, as a full advancement of his share, as heir, in his father's estate. And the defendant, in his answer, farther states, that he and Harry Sutton have paid the note to the orator. But as to the *time when* the note was paid to the orator, the answer is silent. It is a fact within the knowledge of the defendant, and the legal presumption is, that if the note were paid to the orator anterior to the taking of the appeals, it

would have been so stated in his answer. For the defendant is always supposed to set forth in his answer every matter of defence, upon which he relies, in the most favorable aspect that the case admits. Inasmuch as it is not averred in the answer, that the note was paid to the orator previously to his taking the appeals, we think it is fairly to be inferred, that the note was outstanding at the time of the prosecution of the appeals, and consequently that the orator was then interested as a creditor to the estate. .

But however that may be, it appears by the case, that the county court, to which the appeals were taken and where the same were heard and determined in favor of the appellant, in the exercise of the equitable and discretionary power vested in it by the statute, allowed and taxed cost in favor of the orator. The county court must, therefore, have found, that the orator was legally entitled to take the appeals, and equitably entitled to the costs incurred in the prosecution of them. And this decision, we think, was warranted by the facts in the case, and, having been acquiesced in by the parties, is *conclusive* upon them. To take from the orator costs thus incurred and thus allowed to him, and protect them in the hands of the defendant, would, in the judgment of the court, be doing manifest injustice.

The decree of the chancellor, dismissing the orator's bill, is reversed, and the cause remanded to the court of chancery, with instructions to proceed with the case and decree to the orator the several bills of cost taxed and allowed to him in the several appealed cases, with his taxable costs in this suit.