THOMAS LYNCH'S ADMR. *v.* WILLIAM MURRAY.

January Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, HASELTON, POWERS, and

MILES, JJ.

Opinion filed March 14, 1908.

*Equity—Pleading—Amendment of Bill—Operation and Effect*
*—Matter Making New Case—Bad on Demurrer—Executors*
*and Administrators—Collection of Estate—Representation*
*of Creditors.*

While amendments to a bill in chancery are liberally allowed as to
parties, prayer for relief, and as to substance germane to and in
enlargement or explanatory of the substantial parts of the bill,
the orator is never allowed by amendment to bring upon the record
new matter inconsistent with that set forth in the bill, nor sub-
stantially to make a new bill.

In determining whether an amendment to a bill in chancery is re-
pugnant and inconsistent, or makes a new case, it is immaterial
whether the original bill is sufficient.

The general rule that an original and amended bill in chancery con-
stitutes but one record, and that the allegations in amendment are
considered as part of the original bill, applies only to such amend-
ments as are properly allowed; and where a demurrer, on the
ground that the amendment is inconsistent and constitutes a new
bill, is sustained, the amendment alone drops out, leaving the
original bill on the record.

Where a decedent in his lifetime brought a bill in chancery to set
aside a deed of certain land that he had fraudulently been induced
to execute, and after his death his administrator filed an amended
bill alleging the insolvency of the estate and the need of the prop-
erty in question to pay the debts, the amendment constituted a
wholly new ground of relief, independent of the decedent's rights
under the original bill, and was therefore bad on demurrer.

7

APPEAL IN CHANCERY.   Heard on demurrer to the amended bill, at the September Term, 1905, Rutland County, *Watson*, Chancellor.   Demurrer sustained, amended bill adjudged insufficient and dismissed.   The orator appealed.   The opinion sufficiently states the case.

*Charles L. Howe* for the orator.

*Marvelle C. Webber* for the defendant.

POWERS, J.   This bill was brought by Thomas Lynch in his lifetime to set aside a deed of certain premises in Rutland, dated June 20, 1898.   It was returnable to the September Term, 1901, of the court of chancery in Rutland County.   The defendant answered, and the cause was referred to a special master, who filed his report January 8, 1903.   In the meantime, Lynch died, and his executor entered to prosecute.   Prior to the September Term, 1903, the executor died, and T. B. Wheeler, having been appointed administrator, entered at that term.   On September 9, 1903, he filed an amended bill, which the defendant answered May 8, 1905, incorporating therein a general demurrer, and the cause was again referred to the special master.   October 10, 1905, the defendant filed a formal demurrer, therein assigning for cause "that the amended bill seeks to bring upon the record new matter repugnant to and inconsistent with that set forth in the original bill, and substantially constituting a new bill."   This demurrer was argued (without objection) and sustained by a decretal order filed October 25, 1905, dismissing the bill with costs.   From this order the orator appeals.   It seems plain enough that the only question before us on this record is the one specified in the demurrer,—whether· or not the amendment is repugnant and inconsistent, or makes a new case, and in determining this question, it is immaterial whether or not the original bill was sufficient.   *Ala. Terminal & Imp. Co.* v. *Hall*, (Ala.) 44 So. 592.

As was said by this Court in *Hill* v. *Hill*, 53 Vt. 578, "while amendments to a bill in chancery are liberally allowed as to parties, prayer for relief, and as to substance germane to and in enlargement or explanatory of the substantial parts of the bill, on which the relief prayed for is predicated, the orator is

never allowed by amendment to bring upon the record new matter repugnant to, or inconsistent with that set forth in the bill, nor substantially to make a new bill."

Several grounds are specified wherein the amended bill under consideration is said to transgress this rule. One only need be considered, as the others are merely amplifications of the allegations found in the original bill.

It is alleged by the administrator that the estate is insolvent, and that the property said to have been fraudulently conveyed away is required to pay the debts of the estate. This ground for setting aside the deed in question is entirely new. Lynch did not assert it, and it would not have aided him if he had. The right of the administrator to a decree on this ground does not at all depend upon the question whether Lynch was or was not entitled to relief. The deed may have been perfectly good against him, and not good against the administrator when suing in behalf of the creditors. The equity on which the original bill was founded is entirely distinct from that on which the amended bill is founded. The latter never existed in favor of Lynch, and does not arise in favor of the administrator on the facts stated in the original bill. It is the added allegation of deficiency of assets which brings it into existence. Without this allegation, the administrator stood where Lynch stood, with such rights to avoid the whole transaction as Lynch had; with this allegation, he represents the creditors, clothed with rights which Lynch never had, and may avoid so much of the transaction as may be required to meet the debts of the estate. The ground now taken by the administrator is original, and in no legal sense amendatory of or supplemental to that stated in the original bill. The defendant insists that the administrator cannot assert this claim, since it belongs solely to the creditors, whom he does not represent. Such was the holding of this Court prior to the enactment of P. S. 2863,—since which time the administrator's right has been undoubted. *McLane* v. *Johnson,* 43 Vt. 48; *Pease, Admr.* v. *Shirlock,* 63 Vt. 622, 22 Atl. 661. It follows that the demurrer was properly sustained. It remains to consider what the effect is on the original bill. The general rule is that the amended and original bills constitute but one record. I Danl. Chan. Pl. & Pr. 403. That the allegations introduced by amendment are to be taken as part of the original

bill, and to have the same effect in the ultimate determination of the case, as if they had been originally inserted. *Hoyt* v. *Smith,* 28 Conn. 466.

If this rule applies to a case like this, the action of the court of chancery in dismissing the bill was correct. But we think that the rule applies only to such amendments as are properly allowed; and that when, as here, the very question is whether or not the amendments are inconsistent and constitute a new bill, and therefore improper, the amendment alone goes down under the demurrer, and the original bill is left on the record. It is said in I Danl. Ch. *425, that if a plaintiff takes advantage of an order to amend so as entirely to change his case and to make the bill a new one, the defendant may move to have the amended bill taken off the file, or that the amendments may be stricken out and the record restored to its original state. It is also held that such a condition can be taken advantage of by demurrer. 1 Beach Eq. Pr. §263; Story Eq. Pl. §§614, 646; *Larkins* v. *Biddle,* 21 Ala. 252. But whichever course is taken, the result ought to be the same:—the amendment should be discarded, and the original bill be allowed to stand. In *Tappan* v. *Railroad Co.,* 3 Lea 111, where, as here, the question was whether the charges of fact in the amended bill were germane to those set forth in the original bill, the Court says, in effect, that the rule requiring the original and amended bills to be taken as one implies that the amendment is germane and proper. In *Winter* v. *Quarles' Admr.,* 43 Ala. 692, one of the grounds of demurrer was the repugnancy of the amended bill. A demurrer was sustained, but the case was remanded to the court of chancery that the original and amended bills might be harmonized, if possible, and certain children, who appeared to have an interest, be brought before the court. In *State* v. *Mitchell,* 104 Tenn. 336, it was held that the effect of sustaining a demurrer on the ground of inconsistency was simply to dismiss the amended and supplemental bill, leaving the original bill standing. That case is of added interest here from the fact that it is much like the one in hand. It was a bill brought by a stockholder of an insolvent banking corporation to recover money alleged to have been lost by negligence and maladministration. The original bill expressly conceded that the trust assets were ample for the satisfaction of the claims of all

creditors; hence the creditors had no interest in the original suit. An amended bill was filed bringing in certain creditors as plaintiffs, and asking relief in their behalf. It was held that the amended and supplemental bill was wholly alien to the original bill so far as relief was sought for the benefit of creditors.

*The decree sustaining the demurrer is affirmed with costs; the cause is remanded to the court of chancery with leave to the orator to there make further application if he be so advised.*