WETMORE & MORSE GRANITE COMPANY ET AL. *v.* MARIA R. BERTOLI ET AL.

October Term, 1913.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed November 21, 1913.

*Wills—Powers Given Executrix to Sell Real Estate Without License of Probate Court—Validity—Rights of Creditors— Deed by Executrix—Setting Aside—Remedy at Law— Equity—Pleading—Demurrer—Injunction.*

Where a will disposing of an insolvent's estate began by reciting that it was the testator's desire that all his just debts be paid out of his estate, then bequeathed his wife a life estate in the remainder, appointed her executrix and empowered her to sell and convey any of his real estate for the purpose of fulfilling the provisions of the will, "without further license or authority from any person or court whatever,". the payment of debts is not to be construed as a provision of the will, for it is a requirement of law; but, if it was the testator's intention to give the executrix full authority to deal with his insolvent estate without the direction and supervision of the probate court, that intention is contrary to law and inoperate.

All of a decedent's creditors of the same class stand on an equal footing, and so if an executor or administrator has a claim against the estate, he must present it to the commissioners, or it is barred.

A devise to the persons named as executors, with power to sell the real estate, vests independently of their functions as executors, and, like other devises, cannot be given effect to the prejudice of creditors.

The allegation, in a bill in equity by creditors of a testator to set aside a sale of land by his executrix, that the property was sold at an inadequate price with intent to defraud orators and other creditors, is an allegation of fact and not a conclusion of law.

Because the probate court, though it administers a complete system in the settlement of decedents' estates, is not possessed of general equity powers, the court of chancery will grant relief where the insolvent executrix of an insolvent estate conveyed real estate thereof, without license of the probate court and in fraud of the creditors of the estate, by a deed that was not void nor voidable on its face.

Where creditors of an insolvent estate by a bill in equity seek to set aside a conveyance of real estate made by an executrix without license of the probate court and in fraud of creditors, it is no defence that orators have taken no action for the removal of the executrix, as that could afford them no relief.

Creditors of an insolvent estate are so immediately interested that they may maintain a suit in equity to set aside a conveyance of real estate, made by the executrix without license of the probate court and in fraud of creditors.

Where the insolvent executrix of an insolvent estate sold real estate belonging to the estate, without license of the probate court and in fraud of creditors, the fact that creditors of the estate might have an accounting and recover on her bond will not preclude them from maintaining a suit in equity to set aside the deed, for the remedy on the bond· is merely secondary and cumulative.

A demurrer to a bill in equity does not admit what orators merely allege that they are informed and believe, even though the matters alleged to be believed be such that the affirmative allegation thereof, based on information and belief, would be sufficient.

Where an insolvent executrix of an insolvent estate sold and conveyed real estate belonging to the estate without license of the probate court and in fraud of creditors, as the grantees knew, she and the grantees were properly enjoined from conveying or incumbering

the property pending a suit in equity by creditors of the estate to set aside the conveyance.

A demurrer to the whole bill must be overruled where a case is made for any equitable relief.

APPEAL IN CHANCERY.   Heard on demurrers to the bill at the March Term, 1913.   Washington County, *Fish*, Chancellor. Demurrers sustained and bill adjudged insufficient and dismissed with costs.   The orators appealed.   The opinion states the case.

*Edwin M. Harvey* and *Edward H. Deavitt* for the orators.

*S. Hollister Jackson* and *J. W. Gordon* for the defendants.

HASELTON, J.   This is a bill in chancery brought by the creditors of the estate of Harry J. Bertoli against his widow Maria R. Bertoli individually and as executrix of his will, and against the grantees in a deed which she executed, personally and as executrix, without license from the probate court. On hearing, the demurrer was sustained and the bill adjudged insufficient and dismissed with costs.

It appears from the bill that the testator was insolvent at the time of his death and that his estate is insolvent; and the authority of the executrix with respect to real estate and the construction of the will in that regard are prime questions for consideration.   The testator says as follows: "It is my will that all just debts and the charges of my funeral be paid out of my estate as soon as may be convenient after my decease, by my executrix."   He then says: "All the rest and remainder of my estate after the payment of said debts and charges, I give, devise and bequeath and dispose of to my wife Maria R. Bertoli for the term of her life, she to have the income and interest thereof and the right to sell and convey the same and reinvest the proceeds of such sale in other real estate or property."   The remainder at the decease of his wife he gives to his children whom he names. This clause in terms limits the right of the wife to sell and reinvest to such of the estate as may be left after the payment of debts and funeral charges.

The will then proceeds: "I hereby nominate and appoint the said Maria R. Bertoli to be executrix of this my last will and testament and request she be not required to give any bonds as

such executrix, and I hereby authorize and empower her to sell and convey any and all real estate of which I may die seized and possessed for the purpose of carrying out the provisions of this will without further license or authority from any person or court whatever.''

The defendants contend that when the testator says it is his will that his just debts be paid he makes the payment of his debts a provision of his will, and that under the clause of the will last recited the executrix had power to sell the real estate without license from the probate court for the purpose of carrying out such provision.

The orators contend that the payment of debts is not to be construed as a provision of the will. And we think that it is not, for it is a provision of the law and so not of the testator. A testator's expression of a desire that his just debts be paid is, in effect, very much like expressions, more common formerly than now, by which a testator commits his body to the dust and his soul to his Maker. However creditable and profitable it may be to a testator, in contemplation of death, to entertain and express these sentiments of justice, resignation and piety, such expressions do not operate as testamentary provisions, but the results contemplated are attained through the operation of the laws of the State and of natural and Divine laws.

Under a system of settling estates very different from ours it often became in England important to determine whether in a will by which real estate was devised there was a provision for the payment of debts which constituted a charge upon the real estate. 2 Spence, Eq. Juris. of the Court of Chancery, 319; Digby, Real Property, 351.

And the Courts of Equity were astute in finding an implication of a charge of debts upon real estate, since such a construction, for a long time, tended to do justice to creditors. But for such a just purpose they were often unable to give any effect to a merely introductory statement in the will and so Mr. Spence says: ''When the estate is specially devised to a person who happens to be one of the executors, after a general direction of the executors to pay debts and legacies, it will not be considered for that reason as given to the executor and charged with the payment of debts and legacies.'' 2 Spence, 221, 222. Such an introductory clause was often treated as merely formal. *Warren v. Davies,* 2 My. & K. 51; *Braithwaite* v. *Britton,* 1 Keen 206;

*Symons* v. *James,* 2 Y. & Coll. 301, 310; *Parker* v. *Fearnley,* 2 Sim. & S. 592; *Douce* v. *Lady Torrington,* 2 My. & K. 600; *Powell* v. *Robbins,* 7 Ves. Jr. 211.

But if it was in fact the intention.of this testator to give the executrix full authority to deal with his insolvent estate without the direction and supervision of the probate court, such intention conflicts with our statutory law and is inoperative.    If a testator designates some part of his estate to be appropriated for the payments of debts the probate court will if it can give effect to such designation.    P. S. 2889.    But this insolvent estate is subject to the general provision that where the personal estate of a deceased person is not sufficient for the payment of debts, the real estate "may be sold by the executor or administrator after obtaining license therefor."    P. S. 2888.

The claimed right of the executrix to sell, without license from the probate court, the real property belonging to this insolvent estate cannot be sustained.

Other provisions of our statutes illustrate the supervisory power of the probate court.    Where an estate, liable for the payment of debts, has got into the possession of devisees and legatees, before such liability is settled, they hold it subject to contribution; and it is for the probate court to settle the amount of their several liabilities and decree how much and in what manner each shall contribute.    P. S. 2890, 2891, 2892, 2893, and 2894.

Our system as it now is has gradually developed.    Thus all estates are now settled as insolvent estates, so far as the liability of executors and administrators is concerned, without any representation of insolvency.    *Hurlburt Bros.* v. *Hinde,* 86 Vt. 517, 521, 86 Atl. 739; *Riley* v. *McInlear's Estate,* 61 Vt. 254, 260, 17 Atl. 729; *Powers* v. *Powers' Estate,* 57 Vt. 49.

This has been so since the adoption of the Revised Statutes of 1839, and has been by virtue of the provisions of those statutes.    *Bank of Orange County* v. *Kidder,* 20 Vt. 519.

As a consequence we have cases relating to the representation of insolvency which so far as that matter is concerned are of historical value only.    For illustration see *Olcott* v. *Morey,* 1 Tyler, 198; *Blodgett* v. *Brinsmaid,* 7 Vt. 9; *Probate Court* v. *Vanduzer,* 13 Vt. 135.

So our probate system has undergone change in the matter of the allowance of the claims of an administrator or an executor against an estate.    By the early practice he might present them

to the commissioners of the estate or, as was the more common, practice, he might present them to the judge of probate for allowance in his accounting.  *French* v. *Winsor,* 24 Vt. 402, and note.

The earlier and long-continued practice is shown in the dissenting opinion to *Riley* v. *McInlear's Estate,* 61 Vt. 254, 17 Atl. 729, 19 Atl. 996, written by Judge Taft whose knowledge of the actual practice in the probate courts was exceptionally full.  But under the provisions of our statutes as they now are, it is considered that all creditors of the same class stand on an equal footing and that if an executor or administrator has a claim against the estate he must present it to the commissioners or else it is barred.  *Story's Admr.* v. *Hall,* 86 Vt. 31, 83 Atl. 653, 40 L. R. A. (N. S.) 1136; *Riley* v. *McInlear's Estate,* 61 Vt. 254, 17 Atl. 729, 19 Atl. 996.

So too in the development of our statutory system some early decisions upon other points are no longer of force.  Thus in *Peaslee* v. *Barney,* 1 D. Chip. 331, 6 Am. Dec. 743, it was held that an administrator could not maintain proceedings, even in the case of an insolvent estate, to set aside a fraudulent conveyance of his intestate.  The same was held in *Martin* v. *Martin,* 1 Vt. 91, 18 Am. Dec. 675, but this doctrine has been abolished by statute.  Acts of 1831, No. 18, P. S. 2863; *Harrington* v. *Gage,* 6 Vt. 532; *McLane* v. *Johnson,* 43 Vt. 48, 62; *Lynch's Admr.* v. *Murray,* 81 Vt. 97, 99, 69 Atl. 133; *Lynch's Admr.* v. *Murray,* 86 Vt. 1, 83 Atl. 746.

In short, our statutes with reference to the settlement of the estates of deceased persons have come to constitute a plain and simple and complete code.  *Hurlburt* v. *Hinde,* 86 Vt. 517, 86 Atl. 739; *Powers* v. *Powers' Estate,* 57 Vt. 49; and under it, when the real estate of a testator must be sold in order to the payments of debts, the sale for that purpose is to be made under license from the probate court by the executor acting as such under an order from the probate court directing how the sale shall be made.  P. S. 2867, 2875, 2879, 2880, 2884, 2888.

The effect of a devise to sell real estate, as making the persons named as executors with power to sell donees of a common law power not derived from the probate court, is carefully considered and determined in *Tudor* v. *Tudor,* 80 Vt. 220, 67 Atl. 539, 130 Am. St. Rep. 977.  But there as the Court took care to say questions involving creditors did not arise.

Such a devise to sell is conferred upon the persons named as executors, independently of their functions as executors, and like other devises cannot under our system be given effect to the prejudice of creditors, for the real estate as well as the personal property given by will is expressly made subject to a primary liability for debts.   P. S. 2754, 2890.

It appears from the bill not only that the testator was insolvent at the time of his death, and that his estate is insolvent, but also that Maria R. Bertoli is also insolvent, that by the allowance and report of commissioners and the action of the probate court thereon claims to the amount of $20,000 have become valid obligations against the estate, and that claims in favor of the several orators are included in the amount so allowed and established.

Other matters set forth in the bill are as follows: The report of the commissioners allowing the claims against the estate was filed January 11, 1912.   March 5, 1912, Mrs. Bertoli both in her individual capacity and as executrix, without license from the' probate court, deeded a part of the real estate and personal property to the Lowes and Mercers, named as defendants, for the consideration of $6,500 of which $5,500 consisted in the agreement of the grantees to pay a mortgage debt of that amount secured on the real estate conveyed.   The land and other property so conveyed had been inventoried and appraised at the sum of $8,500 and was worth at least $10,000.   The sum of $6,500 was much less than could have been obtained for the property, much less than it would have brought at a public sale.   Mrs. Bertoli sold the property without consultation with or advice from the creditors of the estate and against their interest with intent to defraud the orators and the other creditors of the estate.

The matter and things above recited were known to all the defendants in the case and the transaction of the sale and purchase was entered into and consummated by all the parties thereto, with intent to defraud the orators and the other creditors of the estate.

The defendants claim that the bill contains no allegations showing that Mrs. Bertoli acted in bad faith.   It may be that the inadequacy of price as alleged was not in itself so gross as to establish bad faith.   But the bill alleges that the property was sold at that inadequate price with intent to defraud the

orators and the other creditors, and the allegation of intent is an allegation of fact and not a conclusion of law nor a mere conclusion of the pleader.  *Hulett* v. *Hulett,* 37 Vt. 581; *Stearns* v. *Gosselin,* 58 Vt. 38, 3 Atl. 193; *Crawford* v. *Joslyn,* 83 Vt. 361, 76 Atl. 108, Ann. Cas. 1912A, 428.

It is true that in respect to the settlement of estates the court of chancery acts only in aid of the probate court.

But the probate court, though as is said above, it administers a complete system, is not possessed of general equity powers, and when the power of the probate court is inadequate, the court of chancery will lend its aid.  *Batchelder* v. *White's Admr.,* 82 Vt. 132, 71 Atl. 1111; *Missionary Society* v. *Eells,* 68 Vt. 497, 35 Atl. 463; *Graves* v. *Wakefield,* 54 Vt. 313, 317; *Mann* v. *Mann's Estate,* 53 Vt. 48; *Dickey* v. *Corliss,* 41 Vt. 127; *Sutton* v. *Sutton,* 21 Vt. 74; *Nason* v. *Smalley,* 8 Vt. 118.

It is said by the defendants that the orators had not proceeded far enough, before bringing their bill, to entitle them to invoke the aid of the court of chancery; and, citing *Clark* v. *Peck's Exrs.,* 79 Vt. 289, 65 Atl. 14, the defendants specify that the orators have taken no action looking to the removal of the executrix.  But the removal of the executrix and the appointment of an administrator in her place would, so far as the situation of the real estate already sold and conveyed is concerned, be action without progress, and the case which they cite is not in point here.

There might be no remedy in equity if the deed were void or voidable on its face, *Blanchard* v. *City of Barre,* 77 Vt. 420, 429, 430, 60 Atl. 970; *Wing* v. *Hall,* 44 Vt. 118.  For though this is not a case looking to the removal of a cloud upon title, such a case and this are similar.  But the deed here is neither void nor voidable on its face for so far as the deed shows, the rights of creditors were not involved and the deed was a valid execution of a power to sell conferred by the will.  *Tudor* v. *Tudor,* 80 Vt. 220, 67 Atl. 539; *Ferre* v. *American Board,* 53 Vt. 162.

So the bill makes a case of an unauthorized and fraudulent sale to purchasers having knowledge of the want of authority and of the fraud, consummated by a deed not void, or voidable on its face.  To set aside such a sale equity has jurisdiction in aid of the probate court.  See cases already cited, and see *Hawley* v. *Tesch,* 72 Wis. 299, 39 N. W. 483.

And these creditors are so immediately interested that they may maintain this bill to have the sale set aside. *Elting* v. *Biggsville etc. Bank,* 173 Ill. 368, 50 N. E. 1095.

In saying that the bill makes a case for equitable relief it should be further said that the bill alleges that the grantees under the deed have paid nothing by way of consideration, and that the orators offer to relieve such grantees from any obligation incurred by them in agreeing to pay the mortgage of $5,500 resting on the property conveyed to them.

The defendants suggest as adequate the remedy of an accounting by the executrix.

The executrix is insolvent; and yet, though the will directed that she be required to give no bond, the probate court had power to require a bond, P. S. 2760, 2761, 2763, and for anything that appears in the bill a bond may have been required of her. But the remedy of the creditors on the bond, if one was given, is secondary and does not deprive the creditors of this insolvent estate of their primary right to have the assets thereof applied upon the indebtedness to them. Equity will not for the relief of parties to a fraud and at their instance compel resort to an innocent bondsman. *Lynch's Admr.* v. *Murray,* 86 Vt. 1, 11, 83 Atl. 746.

Any remedy which the creditors may have on the bond, if one was given, is merely cumulative. *Wyman* v. *Bridgen,* 4 Mass. 150, 153; *Collins* v. *Collins,* 140 Mass. 502, 5 N. E. 632.

Some of the allegations relating to value and bearing upon the question of fraud, are in the present tense, but as the bill appears to have been brought on the third day after the sale, such allegations fairly relate to the time of the sale.

A part of the relief prayed for is that the defendants, the Mercers and Lowes, grantees in the deed in question, be enjoined from conveying or incumbering the real estate described in the deed. The orators say that they are informed and believe that these grantees are about to convey or incumber such real estate. A demurrer does not admit what orators merely say that they are informed of and believe, though the matter referred to is such that an allegation of fact based on information and belief is sufficient. *Watkins* v. *Childs,* 80 Vt. 99, 66 Atl. 805, 11 Ann. Cas. 1123; *Quinn* v. *Valiquette,* 80 Vt. 434, 68 Atl. 515, 14 L. R. A. (N. S.) 962; *Crompton* v. *Beedle,* 83 Vt. 287, 75 Atl. 331, 30 L. R. A. (N. S.) 748, Ann. Cas. 1912A, 399.

Whether an allegation of intention, which looks to the future, is distinguishable in this respect from an allegation of a past or existing fact, other than one of intention, we do not need here to consider.

For the allegations of the bill are sufficient to show the right of the creditors to have the deed cancelled and surrendered in order that the property may, without impediment, be subject to the due course of administration, and the right to the injunction prayed for is incidental thereto. A temporary injunction was granted in this case, and, on the allegations showing the right of the orators to have the deed cancelled and given up, the injunction was properly granted.

Equity will guard itself against embarrassment or defeat in dealing with matters with respect to which its jurisdiction has been properly invoked. Equity will not suffer obstruction.

With the prayers for the relief to which they are entitled. the orators have coupled prayers for relief to which they may not be entitled. This matter has not been discussed and we need not consider it. A demurrer to the whole bill must be overruled where a case is made for any equitable relief. *Watkins* v. *Childs,* 80 Vt. 99, 105, 66 Atl. 805, 11 Ann. Cas. 1123.

One ground of the demurrer is that the bill shows no such community of interest in the orators as permits them to join as complainants. However, this claim is without merit. We do not find that the defendants have argued it.

*Decree reversed, demurrer overruled, bill adjudged suffi-cient, and cause remanded.*